IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-957-LPS |
| | : | |
| DELAWARE SOLID WASTE | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

Nina Shahin, Pro Se, Dover, Delaware.

    Plaintiff.

Jeremy W. Homer, Esquire, Parkowski, Guerke & Swayze, P.A.,Wilmington, Delaware.

    Attorney for Defendant.

**MEMORANDUM OPINION**

August 16, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Nina Shahin ("Plaintiff") filed this action on November 9, 2010, alleging

employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII")

and the Age Discrimination in Employment Act ("ADEA"). (D.I. 2) Presently before the Court

is Defendant's motion for summary judgment (D.I. 10) and Plaintiff's opposition (D.I. 12)

thereto. For the reasons that follow, the Court will grant Defendant's Motion.

## II. BACKGROUND

Plaintiff has filed numerous lawsuits alleging employment discrimination. Her charge of

discrimination dated April 6, 2009 – but not signed and notarized until April 16, 2009 – asserts

that Defendant Delaware Solid Waste Authority ("Defendant") discriminated against her by

reason of national origin (Ukrainian) and age when, following her November 18, 2008

application, it failed to hire her as its Controller.[1] (D.I. 11 at A40) As part of the application

process, Plaintiff completed an Equal Employment Opportunity ("EEO") form that indicated her

protected status. Plaintiff believes this information was used to her disadvantage. (D.I. 2 Ex.)

The charge of discrimination states that discrimination occurred after the November 26, 2008

application deadline closed but, as of the date of the charge, Plaintiff still had not been informed

of the hiring decision. In addition, the Complaint appears to allege retaliation when Plaintiff

---

[1]The Complaint contains a copy of the charge of discrimination which is unsigned and missing the second page (that contains that notarization of Plaintiff's signature). Defendant provided this second page as an exhibit to its Motion for Summary Judgment. (*See* D.I. 2; D.I. 11 at A40)

received a "thanks but no thanks" letter on April 23, 2009, two weeks after she filed the charge of discrimination.  (D.I. 2)

Defendant announced the Controller vacancy through its web-site, a separate internet site, and in newspapers.  (D.I. 11 at A2)  Qualifications for the position included a bachelor's degree in accounting or finance and at least ten years of progressively responsible accounting experience, with at least four years as an assistant controller or equivalent experience.  (D.I. 11 at A12, A14)  Certified management accountant, certified public accountant, or certified internal auditor designations were preferred, but not required, for the position.  (*Id*. at A14)  The on-line application process included a form related to race and ethnicity, but not national origin or age. (D.I. 11 at A6)  An independent contractor compiled the submitted information and provided it to Defendant in a table form, which summarized the pertinent information to comply with federal law.  Applications submitted directly to Defendant do not seek information related to age or national origin.  (D.I. 11 at A2)

Defendant received seventy-eight applications for the Controller position.  Defendant's Chief Financial Officer, John Lechner ("Lechner"), reviewed the applications and selected the best seven candidates for interviews.  The seven candidates interviewed met the minimum ten years of experience requirement and had relevant controller experience.  Two of those candidates were interviewed twice, and Lechner selected the successful candidate on April 13, 2009.  On that date, Lechner authored a memorandum to Defendant's Chief Executive Officer ("CEO") and Chief Operating Officer ("COO"), recommending that Defendant offer the Controller position to a female who met the minimum qualifications, had over sixteen years experience in various accounting positions, is a certified public accountant, and, at the time, was employed as a finance

manager.  The individual was 45 years old at the time of her hire.  The recommendation was

approved the next day by Defendant's CEO and COO.  (D.I. 11 at A49)

Plaintiff's application did not include her age or national origin, although it indicated that

she can read, speak, and write Russian, and can speak Italian and Arabic.  (D.I. 11 at A16)  The

application reflects an employment history with three places of employment for time periods

from July 15, 2001 to February 1, 2002; January 31, 2005 to September 4, 2005; and November

30, 2007 to April 21, 2008.  (*Id.* at A17)  Plaintiff's experience included management of a tax

site; directing tax volunteers; research, consultation, review, and preparation of tax returns; and

communication with tax authorities on tax issues.  (*Id.*)  Plaintiff is a certified public accountant

and has master's degrees in taxation and accounting science.  (*Id.* at A16)

According to Defendant, Plaintiff was not selected for an interview or for the Controller

position because she was not as well-qualified as the candidates who were interviewed.  (D.I. 11

at A48)  Plaintiff's work experience did not meet the minimum qualifications for the position due

to the nature and duration of her experience.  (*Id.*)  According to Lechner, the successful

candidate was selected before Defendant received Plaintiff's charge of discrimination.  (*Id.*)

Lechner did not know Plaintiff's age and national origin until after she filed her charge of

discrimination.  (*Id.*)  Plaintiff was notified by letter dated April 23, 2009 that she was not chosen

for the Controller position.  (D.I. 12 Ex. A)

The Court entered a Scheduling Order on August 25, 2011, setting a discovery deadline

of February 27, 2012, and a dispositive motion deadline of March 7, 2012.  (D.I. 9)  The

discovery deadline expired without either party engaging in any discovery.

## III.   LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).  An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).  If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted).  The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133,150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podohnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal

4

quotation marks omitted).  However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").  Thus, the "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

With respect to summary judgment in a discrimination case, the Court's role is "to determine whether, upon reviewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir. 1987).

Here, Defendant moves for summary judgment on the basis that there are no genuine issues as to any material fact and it is entitled to judgment as a matter of law.  Plaintiff opposes the motion, arguing that she did not receive a discovery schedule or notice of other pre-trial procedures, Defendant provides "questionable documentary evidence" that she has not had an

opportunity to question, granting the motion would violate her right to due process and equal

protection, and judgment is not justified at this stage of the litigation.

## IV.  DISCUSSION

### A.  Discovery

Plaintiff argues that the pending motion for summary judgment should not be considered

at this stage of the proceeding.  Despite the Court's entry of a Scheduling Order (D.I. 9), neither

party conducted discovery.  Defendant explains that it conducted no discovery because the facts

known to it support summary judgment in its favor.  Plaintiff counters that summary judgment is

not appropriate where the facts are not properly determined and she has had no opportunity to

question the witnesses.  In addition, she argues that she was not provided with sufficient

information to assist her in establishing a "complete prima facie claim."  (D.I. 12 at 6)

To support her position, Plaintiff states that she did not receive a schedule for discovery

or any other pretrial procedure.  However, as the docket reflects, on August 25, 2011 the Court

entered a Scheduling Order that set forth discovery and dispositive motion deadlines.  (D.I. 9)

The Scheduling Order was mailed to the address provided by Plaintiff and was not returned to

the Court as undeliverable.

The Court finds Plaintiff's position unavailing.  Plaintiff is a frequent filer in this Court

and is well-schooled in the discovery process.  She had ample time and opportunity to conduct

discovery, but failed to do so.  Nothing in the record indicates that her ability to conduct

discovery was hampered in any way.

## B.      Age and National Origin Discrimination

Plaintiff alleges she was not hired due to her age and national origin and that Defendant

offered the position to a lesser qualified individual.  Defendant moves for summary judgment on

the grounds that Plaintiff has failed to establish a prima facie case of discrimination and,

alternatively, it has articulated a legitimate, nondiscriminatory reason for selecting the candidate

it did.

Plaintiff has provided no direct evidence of discrimination by reason of her national

origin or age.  Thus, the Court turns to the *McDonnell Douglas* burden-shifting framework.

Under this framework, Plaintiff must first establish a prima facie case of discrimination by

proving that:  (1) she is a member of a protected class; (2) she sought and was qualified for a job

for which the employer was seeking applicants; (3) despite her qualifications, she was rejected;

and (4) under circumstances that raise an inference of discriminatory action, the employer

continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.[2]

*See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sarullo v. United States*

*Postal Serv.*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson*, 238 F. App'x 834 (3d Cir.

Aug. 3, 2007) (not published).

Plaintiff has failed to make a prima facie case of employment discrimination.  While

Plaintiff argues that she is qualified for the Controller position, the evidence of record does not

---

[2]The requirements for a *prima facie* case of Title VII national origin discrimination and age discrimination under the ADEA are substantially the same. *See e.g., Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3d Cir. 2000).  For age discrimination, an individual is a member of a protected class if she is forty years of age or older. *See* 29 U.S.C. § 631; *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 330 (3d Cir. 1995).

support a finding that she has ten years of relevant experience as required for the successful applicant. Nor is there evidence raising an inference of discriminatory action. Indeed, the record reflects, and it is not disputed, that it was only after Plaintiff filed her charge of discrimination that Defendant became aware of Plaintiff's age and national origin.[3]

Alternatively, even if Plaintiff could make out a prima facie case of age and national origin discrimination, she has not produced evidence from which a reasonable juror could find that Defendant's reasons for its employment decisions were a pretext for discrimination. When a plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant-employer to proffer a "legitimate non-discriminatory" reason for its actions. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 n.2 (3d Cir. 1997). If defendant meets this burden, the burden again shifts to the plaintiff to demonstrate, by a preponderance of the evidence, that the employer's rationale is pretextual. *See McDonnell Douglas*, 411 U.S. at 804. To do this, the plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). "[T]o avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment

---

[3]The record indicates that an individual younger than Plaintiff was selected for the Controller position. It contains no evidence of the national origin of the selected applicant.

action (that is, the proffered reason is a pretext)." *Harding v. Careerbuilder, LLC*, 168 F. App'x

535, 537 (3d Cir. Feb. 27, 2006) (not published) (internal citations and quotation marks omitted).

Plaintiff argues that her educational background and wide experience are greater than the

successful candidate and those interviewed.  The evidence of record indicates, however, that

those interviewed – including the successful applicant – met the requisite number of years of

experience while Plaintiff did not.  As explained by Lechner in his recommendation, the

successful applicant met the minimum qualifications, worked over sixteen years in various

accounting positions, is a certified public accountant, and was employed at the time she was

offered employment by Defendant.  Although Plaintiff's educational background may be stronger

than the individual hired, her application did not indicate that she had the required work history

for the Controller position.  Plaintiff has not pointed to record evidence from which a reasonable

fact finder could conclude that Defendant's reasons for failing to hire her were pretextual and not

the real motivation for the unfavorable job action.

Defendant has met its burden by articulating a legitimate, nondiscriminatory reason for

not hiring Plaintiff.  Nothing before the Court contradicts Defendant's proffered reason for its

failure to hire Plaintiff for the Controller position.  Nor is Defendant's proffered reason for its

action weak, incoherent, implausible, or so inconsistent that a reasonable factfinder could

rationally find it unworthy of credence.  *See Sarullo*, 352 F.3d at 800.  Even construing the

evidence in the light most favorable to Plaintiff, she has provided no evidence from which a fact-

finder could either disbelieve Defendant's articulated reason, or believe that a discriminatory

reason was more likely than not the cause of the employment action.  As there is no genuine

dispute on the dispositive legal issue of whether Defendant had a discriminatory motive, the

9

Court will grant Defendant's motion for summary judgment on the issue of age and national origin employment discrimination.

### C.   Retaliation

Plaintiff appears to allege that she was not hired for the Controller position as retaliation for her filing a charge of discrimination, as she received a rejection letter from Defendant two weeks after she filed the charge of discrimination. Defendant moves for summary judgment on the grounds that it is not clear from the Complaint that Plaintiff raises a retaliation claim and, further, she did not administratively exhaust the claim.

To establish a prima facie case of retaliation, a plaintiff must show: (1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) there was a causal connection between the protected activity and the employer's action. *See LeBoon v. Lancaster Jewish Comty, Ctr. Ass'n*, 503 F.3d 217, 231 (3d Cir. 2007). Here, no reasonable juror could find for Plaintiff on the retaliation issue. Defendant made its hiring recommendation on April 13, 2009 and its hiring decision on April 14, 2009, yet Plaintiff's charge of discrimination was not notarized until two days later, on April 16, 2009. Moreover, Lechner states that he was not aware of Plaintiff's charge of discrimination until after the individual had been selected for the Controller position. Plaintiff has not refuted this evidence. There is no evidence of record that an adverse employment action was taken after, or contemporaneous with, a protected activity. Nor does a nexus exist between the charge of discrimination and Defendant's hiring decision. Accordingly, the Court will grant Defendant's motion for summary

judgment as to the retaliation claim.[4]

## V.    CONCLUSION

For the above reasons, the Court will grant Defendant's motion for summary judgment.

(D.I. 10)  An appropriate Order follows

---

[4]Given the Court's ruling, there is no need to address whether Plaintiff failed to exhaust administrative remedies for the retaliation claim.